KENNETH J. MONTGOMERY, PLLC
Victor A. Dunlop (VAD-8571)
827 E. 21ST STREET
Brooklyn, New York 11210
(718) 403-9261 Telephone
(614) 455-9261 Facsimile

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TYQUAN ARMSTRONG,

                Plaintiff,

          -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY DEPARTMENT OF
CORRECTIONS, and POLICE OFFICERS
JOHN DOES I, II, and III,

                Defendants.
-----------------------------------------------------------------X

**COMPLAINT**
Docket No:

Jury Trial Demanded

Plaintiff TYQUAN ARMSTRONG, by his attorneys, Kenneth J. Montgomery, PLLC, hereby respectfully alleges for his complaint against the defendants as follows:

### I. INTRODUCTION

1. This is an action to vindicate the civil rights of Tyquan Armstrong ("Plaintiff"). Plaintiff contends that defendants falsely arrested him, falsely imprisoned him and maliciously prosecuted him for crimes that defendants knew, or reasonably should have known, that he did not commit. Indeed, the indictment (Ind. No: 12488/2008 in Kings County) against Plaintiff was procured by fraud and obtained via reckless disregard for the truth. Despite Plaintiff spending more than one (1) year and five (5) months in custody of the New York City Department of Correction and the State of New York Department of Correction, the criminal proceedings terminated in Plaintiff's favor, were dismissed and sealed pursuant to NY C.P.L. §160.50. However, as a result of Plaintiff spending a significant amount of time in custody and otherwise incarcerated for crimes that defendants knew or should have known he did not commit, Plaintiff suffered substantial and irreparable harm as a result of these actions.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to U.S.C. Section 1983. Venue is proper, as the operative events occurred within this judicial district.

## III. PARTIES

3. Plaintiff, Tyquan Armstrong, whom at all relevant times resided in Kings County, hereby sues in and on his own behalf. At all relevant times, he was subject to an illegal stop, an illegal search, false imprisonment and malicious prosecution.

4. The City of New York is a state actor for 42 U.S.C. Section 1983 purposes. Defendant City may sue and be sued, and its principle place of business is New York County, New York. At all relevant times, the City of New York employed the individual defendants and maintained control over the individual entities listed hereunder. The City of New York is herein sued for having violated Plaintiff's civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies.

5. Police Officer John Does I, II and III, *in their individual capacities*, at all relevant times, were employed with the City of New York as Police Officers and/or Detectives. At all relevant times, they acted under the color of state law and pursuant to the practices, policies and customs of the City of New York. They are herein sued in their individual capacities; however, their identities are not yet known, and thus, Plaintiff reserves the right to amend the caption of the Complaint once their names become known.

## IV. RELEVANT FACTS

6. Defendants violated Plaintiff's civil rights in the following ways:

   a. On or about November 10, 2008, while legally in the vicinity of 35 East 21st Street at the venue formally known as Room Service ("Venue") in the County and state of New York at approximately 2:30 AM, members of the New York Police Department approached Plaintiff without reasonable suspicion, searched Plaintiff without founded suspicion and arrested Plaintiff without probable cause.

b.      While Plaintiff was at the Venue, members of the NYPD arrested Plaintiff amidst allegations that he violated the terms of his parole, which allegations at the time were unknown to Plaintiff.

c.      Members of the NYPD approached Plaintiff without reasonable suspicion; subsequently, Plaintiff was detained without founded suspicion and finally, Plaintiff was arrested by the NYPD without probable cause. Defendants did not advise Plaintiff of the nature of his arrest or the allegations supporting his imprisonment.

d.      Plaintiff was arraigned on the Charges, to which he pled not guilty. Plaintiff was transported to Rikers Island, which is exclusively owned and controlled by the City of New York and held there under the exclusively custody of the City of New York and the New York City Department of Corrections ("NYCDOC").

e.      As a direct result of the unlawful arrest by the NYPD, Plaintiff was indicted for violating the terms of his parole (the "Charges") and was subsequently transported to the Great Meadow Correctional Facility in Comstock, New York ("Great Meadow"). Plaintiff continued to be held at Rikers Island and in Great Meadow in several dorms, until a hearing was held before the Supreme Court, County of Kings. The hearing resulted in Plaintiff's favor and he was released from custody on May 21, 2010.

f.      That upon information and belief, despite Plaintiff consistently and continuously advising the Defendants of his innocence of the Charges, that he regularly reported to his parole officer, and that he did not commit any further crimes, the District Attorney's Office, County of Kings presented Plaintiff's case to the Grand Jury, wherein a true bill was ordered.

g.      Between the dates of November 10, 2008 and May 21, 2010, Plaintiff was compelled to appear before the Supreme Court, County of Kings to defend himself of the Charges.

practices and policies of sloppily and recklessly investigating criminal activity in the City of New York, of illegally imprisoning and prosecuting individuals based solely on the negligence of the agents of the City of New York and the New York City Department of Corrections, despite proof from Plaintiff's parole officer that he was not in violation of the terms of his parole. Further, it is the municipal defendants' practice and policy to continue a prosecution, even after learning that Plaintiff did not violate the terms of his parole.

8. Moreover, Plaintiff's rights with respect to being free of false imprisonment, and malicious imprisonment are clearly established and reasonable persons employed by the City of New York are aware of these rights, or have reasons to be so aware of these rights.

9. As a further proximate result of Defendants' illegal acts towards Plaintiff, Plaintiff has suffered severe mental anguish, extreme embarrassment and emotional injury, and pecuniary loss associated with the loss of his ability to make a living and support himself.

10. Individual Defendants' illegal actions were outrageous and were malicious, and they were intended to injure Plaintiff, and they were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages as against all individual Defendants' hereunder.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION

11. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

12. The Defendants violated the Fourth Amendment and Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, even after it has become clear that the Grand Jury indictment was procured by fraud. The Defendants failed to take the necessary steps to ensure that Plaintiff did not violate the terms of his parole after receiving notification that he, in fact, did not violate those terms and conditions, resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are made actionable through 42 U.S.C. §1983.

5

## SECOND CAUSE OF ACTION

13. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

14. The Defendants violated the Fourth Amendment of the United States Constitution when Plaintiff was imprisoned for 17 months. This caused Plaintiff to lose his employment and the progress he was making training as a professional boxer. Plaintiff has not been able to find comparable employment. These violations are made actionable through 42 U.S.C. §1983.

V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant to him judgment containing the following relief:

a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

b. An award of punitive damages to be determined at the time of trial as against each individual defendant;

c. An award of reasonable attorneys' fees and the cost of this action; and

d. Such other and further relief as this Court may deem just and proper.

e.

DATED: Brooklyn, New York
May 2, 2013

KENNETH J. MONTGOMERY, PLLC

Victor A. Dunlop (VAD-8571)
Attorneys for Plaintiff
Tyquan Armstrong

Office and P.O. Address
827 E. 21st Street
Brooklyn, New York 11210
(718) 403-9261 Telephone
(614) 455-9261 Facsimile

6